UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREATNURSES, LLC | Case No. 18-cv-3163 |
| Plaintiff, | ECF CASE |
| v. | |
| POCKET PREP, INC. | COMPLAINT |
| Defendant. | |

## COMPLAINT

Plaintiff GreatNurses, LLC (hereinafter "Plaintiff" or "GreatNurses") for its complaint against Defendant Pocket Prep, Inc. ("Pocket Prep" or "Defendant"), states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for Defendant's infringement of Great Nurses' federally-registered copyrights.

## THE PARTIES

2. Plaintiff GreatNurses is a limited liability company with an office at 31 Yeomalt Avenue, Staten Island, New York 10312.

3. Upon information and belief, Defendant PocketPrep is a Delaware corporation with an office at 1416 NW 46th St., Suite 105-128, Seattle, WA 98107.

4. Pocket Prep develops apps that help people prepare for exams. Pocket Prep offers for sale and sells its exam prep apps in the iTunes App

1

Store, Android Google Play, and the Amazon Appstore to customers, including those located within the geographic area encompassed by the Eastern District of New York.

## JURISDICTION AND VENUE

5. This action, pursuant to 17 U.S.C. § 501 *et seq.*, is seeking preliminary and permanent injunctive relief, other equitable relief, recovery of Plaintiff's actual damages and an award of Defendant's profits or, alternatively, statutory damages and recovery of the costs, fees, and attorneys' fees Plaintiff incurs relating from Defendant's willful infringement of Great Nurses' rights granted under the Copyright Laws of the United States.

6. The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a) and 1338(b), and 28 U.S.C. §1367.

7. This court has personal jurisdiction over Defendant in this action by (1) virtue of its acts and omissions which have taken place in the state of New York and are designed to, and are infringing Plaintiff's federally protected copyright rights within this judicial district, and/or (2) that the Defendant transacted business within the state of New York at least through the iTunes App Store, Android Google Play, and the Amazon Appstore, and that the claim in this matter arises from that business activity.

8. Venue is proper in this district under 28 U.S.C. §1391 (b)-(c), for the reasons, inter alia, (1) that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, (2) that the

defendant does business in this district and have committed acts of infringement in this district, (3) that the Defendant has subjected itself to the jurisdiction of the New York courts, and/or (4) under 28 U.S.C. §1400(a) because this is a civil action arising under an act of Congress relating to copyrights and is a district in which Plaintiff is suffering harm in this District due to Defendant's infringement of its federally protected copyright.

## FACTS COMMON TO ALL CLAIMS

9. Dr. Laura Gaspartis Vonfrolio, RN, PhD ("Vonfrolio") is a registered nurse and has a PhD in Nursing.

10. Vonfrolio started a business called Education Enterprises designed to help nurses prepare for the Critical Care Registered Nurse (CCRN) certification exams and the Certified Emergency Nurse (CEN) certification exams. Education Enterprises is the publisher of the Critical Care Examination Review ("CCER") study book. The CCER guidebook is set up in accordance with the American Association of Critical-Care Nurses's Adult CCRN examination blueprint. The CCER study book addresses several subjects in the medical field such as Cardiovascular, Pulmonary, Endocrine, and Hematology. Each clinical knowledge chapter begins with the basics for that particular subject and then progresses to an more advanced level. Furthermore, the CCER study book comprises many practice questions so to prepare nurses for the CCRN and CEN certification exams. Plaintiff GreatNurses is the assignee of Vonfrolio's and Education Enterprises' rights in the GreatNurses Protected

Works as defined herein in this Complaint. Furthermore, Plaintiff GreatNurses is also the assignee of all rights to the Protected Work 1990 from Springhouse Corporation and Wolters Kluwer as defined herein in this Complaint.

11. Plaintiff is the owner of all rights, title, and interest in its federal copyright registration, No. TX 2812582, issued by the United States Copyright Office on or about May 2, 1990 for its written test prep materials, and questions and answers (the "Protected Work 1990"). A true and accurate copy of the above-referenced copyright registration is attached herewith as Exhibit A.

12. Plaintiff is also the owner of all rights, title, and interest in its pending copyright application filed with the Copyright Office on or about May 24, 2018 for its written test prep materials, and questions and answers (the "Protected Work 2015")(Protected Work 1990 and Protected Work 2015 jointly and severally known as the "GreatNurses Protected Works").

13. On or about August, 2017, Plaintiff learned that PocketPrep was using questions and answers in in its app (the "Accused Work") that were strikingly similar to the questions and answers of Plaintiff's GreatNurses Protected Works.

14. Shortly thereafter, Plaintiff contacted Defendant and requested that Defendant cease and desist any and all activities relating to its Accused Work.

15. Plaintiff also repeatedly requested that PocketPrep provide copies of all of its Accused Work to Plaintiff for Plaintiff to review and compare to its own GreatNurses Protected Works.

16. PocketPrep repeatedly refused to do so, and due to PocketPrep's

4

control of release of the entirety of the Accused Work, Plaintiff has been refused access to the Accused Work.

17. Plaintiff was still able to acquire some PocketPrep questions. Attached herewith as Exhibit B are true and correct copies of questions and answers from Defendant's Accused Work and from Plaintiff's Protected Work 1990. Based on Exhibit B, the PocketPrep questions and answers are strikingly similar to questions and answers from Plaintiff's Protected Work 1990. Exhibit B is comprised of approximately eight pages, with each page showing Pocket Prep's infringing question and corresponding answers on top and the copied question and answers from Plaintiff's Protected Work 1999 underneath each Pocket Prep question and corresponding answers.

18. PocketPrep later advised Plaintiff that it would instead redo the contents in its Accused Work. PocketPrep later produced the Revised Work.

19. Upon information and belief, the Revised Work also appeared to be substantially similar to the GreatNurses' Protected Work 2015.

20. Attached hereto as Exhibit C is a comparison of the Revised Work offered for sale and sold by Defendant that were compared to those of Plaintiff's Protected Work 2015.

21. The Revised Work (Exhibit C) is only from that which Plaintiff was able to obtain from PocketPrep. PocketPrep has refused to produce earlier PocketPrep versions for Plaintiff. Furthermore, as a result of PocketPrep's lack of cooperation, Plaintiff has been unable to develop a chronology of the different earlier versions of PocketPrep works that may infringe Plaintiff's

5

copyright rights.

22. As a result, this action follows.

23. Upon information and belief, PocketPrep sold within the United States the Accused Work and Revised Work through its app which are substantially similar to the GreatNurses Protected Works.

24. Plaintiff has not authorized, licensed, or otherwise consented to Defendant copying, advertising, marketing, offering for sale, selling, distributing, and/or using Plaintiff's GreatNurses Protected Works.

25. Defendant's activities in connection with the Accused Work and/or the Revised Work infringe Plaintiff's Copyright.

26. Upon information and belief, Defendant's infringement of Plaintiff's copyright rights is willful and deliberate, and will continue unless enjoined by this Court.

27. Upon information and belief, despite having received notice of this matter, Defendant still has not turned over the Accused Work to Plaintiff.

28. Plaintiff has suffered irreparable injury and has been damaged by the activities of Defendant relating to the Accused Work. Furthermore, Plaintiff fears that Defendant will continue their infringing actions and thus cause Great Nurses to suffer more damages and further irreparable injury unless such actions are enjoined by this Court.

29. Due to the clear and willful infringing actions by Defendant of GreatNurses' copyrights, GreatNurses will likely prevail in this action because of its merits.

30. GreatNurses has no adequate remedy at law to prevent these injuries caused by the willful infringing actions on the part of Defendant.

### FIRST CAUSE OF ACTION
### FEDERALCOPYRIGHT INFRINGEMENT

31. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

32. Defendant is distributing, promoting, marketing, offering for sale, selling and/or using the Accused Work and/or the Revised Work, which are substantially similar to the GreatNurses Protected Works, in contravention of the rights of Plaintiff and without Plaintiff's permission or consent.

33. Defendant's distributing, promoting, marketing, offering for sale, selling and/or using the Accused Work and/or Revised Work constitutes willful infringement of the GreatNurses Protected Works and is in violation of 17 U.S.C. §501 et seq.

34. Plaintiff has been injured in an amount not yet ascertained.

WHEREFORE, Plaintiff respectfully requests this Court to:

    A. Grant judgment as requested by GreatNurses and against Defendant PocketPrep, Inc.;

    B. Award to GreatNurses and against the Defendant the following:

        a. GreatNurses' actual damages;

        b. Defendant's profits from its sales of the Accused Work(s) and/or Revised Work;

c. As an alternative to GreatNurses' actual damages, upon Plaintiff's election - statutory damages; and

   d. Attorneys' fees, other fees, and costs incurred by GreatNurses due to Defendant's infringement of the GreatNurses Protected Works.

C. Order that Defendant, all principals, employees, servants, agents, customers, distributors, attorneys, subsidiaries, assigns or related companies and all others acting in concert or participation therewith be enjoined from further infringing, or in any way benefting from their infringement of the GreatNurses Protected Works including but not limited to the copying, advertising, marketing, offering for sale, selling, distributing, and/or using GreatNurses Protected Works;

D. Order Defendant to file with this Court and serve on Plaintiff within ten (10) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

E. that Defendant be required to deliver for impoundment or destruction, all labels, signs, prints, packages, wrappers,

receptacles, advertisements, materials and goods now in its possession which comprise, bear or display the Accused Work(s) and/or Revised Work;

F. that Plaintiff be awarded such other and further relief as to the Court may appear appropriate under the circumstances.

### Jury Trial

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: May 29, 2018

LEVISOHN BERGER LLP
By:

_____
Peter L. Berger (PB-0121)
Jonathan Berger (JB-6448)
11 Broadway, Suite 615
New York, New York 10004
Telephone (212) 486-7272
Facsimile (212) 486-0323
Email: pberger@llbl.com
jberger@llbl.com

Attorneys for
GreatNurses, LLC